[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10037
_____

D.C. Docket No. 1:12-cv-23461-CMA


JUAN REINOSO,
RONALDO BACA,
RIGOBERTO DIAZ,
PEDRO DUARTE,
ROLANDO BACA, et al,

                                                        Plaintiffs - Appellants,

versus

A G C CONSULTING CIVIL ENGINEERS AND GENERAL CONTRACTORS,
INC.,
a Florida Profit Corporation,
KEENAN, HOPKINS, SCHMIDT AND STOWELL CONTRACTORS,
a Florida Profit Corporation,
d.b.a. Hunt-Moss, A Joint Venture,
HUNT CONSTRUCTION GROUP, INC.,
a foreign profit corporation,
d.b.a. as Hunt-Moss, A Joint Venture,
MOSS & ASSOCIATES, LLC,
a Florida Limited Liability Company,
d.b.a. Hunt-Moss, A Joint Venture,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 5, 2014)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and JONES,[*] District Judge.

PER CURIAM:

This appeal requires us to decide whether the district court had subject-matter jurisdiction over a wage dispute. Juan Reinoso and the other appellants worked on the construction of Marlins Park. The workers allege that AGC Consulting Civil Engineers and General Contractors, Inc., and other contractors violated their rights under the Fair Labor Standards Act, 29 U.S.C. § 207, in two ways: (1) the contractors allegedly paid the workers their regular hourly rate for some overtime hours and nothing at all for other overtime hours, rather than one-and-one-half times their regular rate, as required by the Act; and (2) the contractors allegedly misclassified the workers under a county ordinance that governs wages for county contract workers, and as a result paid them less than one-and-one-half times their correct regular rate. The district court dismissed for lack of subject-matter jurisdiction, based on its order in another case in which a different group of

_____

[*] Honorable Steve C. Jones, United States District Judge for the Northern District of Georgia, sitting by designation.

2

workers made identical allegations against a different group of contractors. *Arle Calderon, et al. v. Form Works/Baker JV, LLC*, No. 13-21438 (S.D. Fla. Dec. 12, 2013). The plaintiffs in *Calderon* appealed, and this Court reversed. *Arle Calderon, et al. v. Form Works/Baker JV, LLC*, No. 14-10090 (11th Cir. Nov. 14, 2014). Based on that precedent, we reverse and remand.

*Calderon* controls this appeal. The contractors argue, in the alternative, that there is not a genuine dispute as to whether the workers worked overtime hours for which they were not properly compensated. But the district court did not consider that issue, and we will not consider it in the first instance. The district court had jurisdiction over the workers' claim that the contractors did not pay one-and-one-half times their regular rate for all of the overtime hours that they worked.

We **REVERSE** the order of dismissal for lack of subject-matter jurisdiction and **REMAND** for further proceedings consistent with this opinion.

3